IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ACHIQUE COYASO, | ) | CIVIL NO. 11-00267 JMS/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION TO RECONSIDER THE |
| vs. | ) | COURT'S MAY 3, 2012 ORDER |
| | ) | (1) GRANTING IN PART |
| BRADLEY PACIFIC AVIATION, | ) | DEFENDANT BRADLEY PACIFIC |
| INC., | ) | AVIATION, INC.'S MOTION FOR |
| | ) | SUMMARY JUDGMENT; AND |
| Defendant. | ) | (2) DECLINING JURISDICTION |
| | ) | OVER REMAINING STATE LAW |
| _____ | ) | CLAIM |

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MAY 3, 2012 ORDER (1) GRANTING IN PART DEFENDANT BRADLEY PACIFIC AVIATION, INC.'S MOTION FOR SUMMARY JUDGMENT; AND (2) DECLINING JURISDICTION OVER REMAINING STATE LAW CLAIM**

**I. INTRODUCTION**

On April 21, 2011, Plaintiff Achique Coyaso ("Plaintiff") filed this action alleging that his termination from Defendant Bradley Pacific Aviation, Inc. ("Defendant") violated (1) the Uniformed Services Employment and Reemployment Rights Act (the "USERRA"), 38 U.S.C. § 4311 et seq.; (2) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; (3) Hawaii's anti-discrimination statute, Hawaii Revised Statutes ("HRS") § 378-2; and (4) Hawaii's Whistleblower's Protection Act ("HWPA"), HRS § 378-61.

On February 22, 2012, Defendant filed a Motion for Summary Judgment, arguing, among other things, that Plaintiff's USERRA and Title VII claims fail because Defendant legitimately terminated Plaintiff for violating Defendant's workplace policies when he was involved in an August 2, 2010 violent altercation with Ingrid Wehner twenty feet from Defendant's office.  On May 3, 2012, the court granted in part Defendant's Motion for Summary Judgment and declined jurisdiction over the HWPA claim (the "May 3 Order").  The May 3 Order found that the uncontroverted evidence establishes that Defendant's investigation into the August 2, 2010 incident supported only one conclusion -- that Plaintiff was the aggressor, that his violence injured Wehner, and that the violence was not justified  -- such that Defendant would have terminated Plaintiff regardless of any impermissible motive.  Judgement was entered that same day.[1]

Currently before the court is Plaintiff's Motion for Reconsideration of the May 3 Order, arguing that Wehner's April 26, 2012 deposition testimony and exhibits are "newly discovered evidence" that call into question her credibility and her account of the August 2, 2010 incident.  Based on the following, the court finds that this evidence is not "newly discovered" and in any event does not affect the

---

[1] The May 3 Order detailed the evidence presented and its application to the law.  The court does not repeat it here.

analysis of the May 3 Order.  The court therefore DENIES Plaintiff's Motion for Reconsideration.

## II. STANDARD OF REVIEW

A motion for reconsideration filed within twenty-eight days[2] of entry of judgment is considered under Federal Rule of Civil Procedure 59; a later-filed motion is considered under Rule 60(b).  Fed. R. Civ. P. 59(e); *see also United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1098 (9th Cir. 2008) (quoting *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001)).  Because Plaintiff filed his Motion for Reconsideration within twenty-eight days of judgment, the court analyzes his motion pursuant to Rule 59(e).[3]

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)."  *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly

---

[2] In 2009, the time to file a Rule 59(e) motion was extended from ten to twenty-eight days.

[3] Both parties construe Plaintiff's Motion as being brought pursuant to Rule 60.  Given that both Rules 59 and 60 recognize reconsideration on the basis of newly discovered evidence, the choice between the two Rules does not substantively affect the analysis.  Given that Plaintiff brings his Motion for Reconsideration within the time constraints of Rule 59, however, the court cites it above.

discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted); *see also Turner*, 338 F.3d at 1063; *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1063-64 n.1 (9th Cir. 2005); *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1100 (9th Cir. 2008).

      A party moving for reconsideration on the basis of newly discovered evidence "must show that the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (internal citations omitted). If the evidence was in the possession of the party before the judgment was rendered or if it could have been discovered with reasonable diligence, it is not newly discovered. *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1092 (9th Cir. 2003) (citations omitted); *Caliber One Indem. Co. v. Wade Cook Fin. Corp.*, 491 F.3d 1079, 1085 (9th Cir. 2007).

///

///

## III. ANALYSIS

In support of his Motion for Reconsideration, Plaintiff presents evidence obtained during Wehner's April 26, 2012 deposition.  Specifically, Plaintiff points to Wehner's testimony regarding a December 20, 2010 incident in which she accused Plaintiff of harassment in violation of the TRO she obtained as a result of the August 2, 2010 incident.  Witnesses were unable to corroborate what she reported to the police and Plaintiff was not charged with a violation.  *See* Doc. No. Doc. 76-3, Pl.'s Ex. A.  Plaintiff also points to a text message Wehner sent Plaintiff's fiancé (now wife) stating, "How do u like being a sugar mama! u don't feel used? . . ."  Doc. No. Doc. 76-4, Pl.'s Ex. B.  Plaintiff asserts that this evidence "calls into her [sic] question her credibility on her account of the August 2, 2010 altercation which [Defendant] contended was the basis for its termination of Plaintiff."  Doc. No. 76-1, Pl.'s Mot. for Reconsideration at 10.  The court rejects Plaintiff's argument for several reasons.

First, Plaintiff has failed to carry his burden of establishing that this evidence is "newly discovered" -- *i.e.*, that the evidence was not in his possession prior to summary judgment and that he could not have discovered it earlier with reasonable diligence.  Specifically, Plaintiff offers no explanation as to why he could not take Wehner's deposition before the court's summary judgment

5

determination. *See, e.g.*, *Stucky v. Dep't of Educ.*, 337 Fed. Appx. 611, 614 (9th Cir. 2009) (affirming denial of motion for reconsideration where "[t]he record evinces no legitimate reason that would excuse Stucky's failing to obtain the proffered depositions in a timely manner"). Further, although Plaintiff noticed Wehner's deposition after Defendant filed its Motion for Summary Judgment, *see* Doc. No. 62, Plaintiff did not seek a Rule 56(f) continuance of the April 23, 2012 hearing. *See THI-Haw., Inc. v. First Commerce Fin. Corp.*, 627 F.2d 991, 994 (9th Cir. 1980). These facts do not support a finding a diligence. Further, Plaintiff was aware of Wehner's testimony and evidence before the court issued its May 3 Order, yet failed to bring this evidence to the court's attention. *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985) (holding that evidence available before disposition of a motion for summary judgment precludes reconsideration on that basis). Thus, Plaintiff failed to establish his reasonable diligence, much less that he learned about this evidence only after the May 3 Order. The evidence is therefore not "newly discovered" and Plaintiff"s Motion for Reconsideration must be denied on this basis alone.

Further, even if this evidence were newly discovered, it does not affected the May 3 Order's analysis. At issue in this action is whether Defendant properly conducted an investigation into the August 2, 2010 altercation and

6

whether the evidence collected would necessarily lead a reasonable employer to the conclusion that Plaintiff violated the workplace violence policy and that termination was warranted.  The May 3 Order detailed Defendant's thorough investigation, which included (1) reviewing the police report; (2) interviewing witnesses, (3) allowing Plaintiff to present evidence and tell his side of the story; and (4) reviewing Plaintiff's videotape depicting the events just before and after the incident.  As explained in the May 3 Order, there was no evidence that Defendant "did not honestly believe its proffered reasons" for terminating Plaintiff and/or terminated Plaintiff for an impermissible reason.

The new evidence that Plaintiff presents was not part of Defendant's investigation (indeed, Plaintiff did not pass it along to Defendant even though he had first-hand knowledge of these facts), and Plaintiff offers no explanation of whether Defendant was aware of this evidence through other means and/or could have obtained this evidence in the course of its investigation.  Without any link tying this evidence to what Defendant knew or should have known, this new evidence fails to call into question Defendant's investigation and conclusion that Plaintiff violated the workplace violence policy.[4]  The court therefore DENIES

---

[4] And even if Defendant *was* somehow aware of the evidence now presented by Plaintiff, it would not affect a reasonable employer's investigation and conclusions.  Defendant determined that Plaintiff violated the workplace violence policy after reviewing the police report

(continued...)

Plaintiff's Motion for Reconsideration.

## IV. **CONCLUSION**

Based on the above, the court DENIES Plaintiff's Motion for Reconsideration of the May 3 Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 21, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Coyaso v. Bradley Pac. Aviation, Inc.*, Civ. No. 11-00267 JMS/RLP, Order Denying Plaintiff's Motion to Reconsider the Court's May 3, 2012 Order (1) Granting in Part Defendant Bradley Pacific Aviation, Inc.'s Motion for Summary Judgment; and (2) Declining Jurisdiction over Remaining State Law Claim

---

⁴(...continued)
(showing Wehner's injuries) and interviewing two disinterested witnesses who corroborated that Plaintiff was the aggressor. That Plaintiff and Wehner were involved in other incidents speaks nothing of what happed in the August 2, 2010 incident.